FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 1 1 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00622-BNB

STANLEY HEISCH,

      Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
WARDEN KEVIN MILLYARD [sic] (Officially),
SERGEANT BUCKNER, Correctional Officer,
SERGEANT JOHNSON, Correctional Officer (Officially & Personally), and
(FOUR) UNKNOWN CORRECTIONAL STAFF AT THE STERLING CORRECTIONAL
FACILITY,

      Defendants.

---

## ORDER DISMISSING CASE

---

      Plaintiff, Stanley Heisch, is a prisoner in the custody of the Colorado Department

of Corrections who currently is incarcerated at the Sterling, Colorado, correctional

facility.  Mr. Heisch initiated this action by filing *pro se* a Prisoner Complaint and a

Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.

      As part of the Court's review pursuant to D.C.COLO.LCivR 8.2, the Court

determined that the submitted documents were deficient.  Therefore, on March 18,

2011, Magistrate Judge Boyd N. Boland directed the clerk of the Court to commence a

civil action and directed Mr. Heisch to cure certain enumerated deficiencies in the case

within thirty days if he wished to pursue his claims.  Specifically, Mr. Heisch was

directed either to pay the $350.00 filing fee or to submit a certified copy of his trust fund

account statement for the six-month period immediately preceding this filing obtained

from the appropriate prison official.  Subsection (a)(2) of 28 U.S.C. § 1915 requires submission of "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined."  The March 18 order and the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 note this requirement.  The order warned Mr. Heisch that if he failed to cure the designated deficiencies within thirty days, the complaint and the action would be dismissed without prejudice and without further notice.

On April 7, 2011, instead of curing the designated deficiencies, Mr. Heisch filed a motion (document no. 5) and a letter (document no. 6) indicating that he wanted to dismiss the complaint and action voluntarily.

The Court must construe Mr. Heisch's filings liberally because he is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will construe the motion and letter (documents no. 5 and 6 respectively) as notices of voluntary dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

Rule 41(a)(1) provides that "the plaintiff may dismiss an action without a court order by filing:  (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."  No response has been filed by Defendants in this action.  A voluntary dismissal pursuant to Rule 41(a)(1) is effective immediately

upon the filing of a written notice of dismissal, and no subsequent court order is necessary.  *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968).  The notice closes the file.  *See Hyde Constr. Co.*, 388 F.2d at 507.

Accordingly, it is

ORDERED that the motion (document no. 5) motion and letter (document no. 6) that Plaintiff, Stanley Heisch, submitted to and filed with the Court on April 7, 2011, are construed liberally as notices of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1). It is

FURTHER ORDERED that the voluntary dismissal is effective as of April 7, 2011, the date the notices of voluntary dismissal were filed in this action.  It is

FURTHER ORDERED that the action is dismissed without prejudice.

DATED at Denver, Colorado, this __11th__ day of ___April_____, 2011.

BY THE COURT:

___s/Lewis T. Babcock_____
LEWIS T. BABCOCK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00622-BNB

Stanley Heisch
Prisoner No.  68718
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on April 11, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk